Locke, Judge,
 

 delivered the opinion of the Court:
 

 It appears strange that the facts stated by the Plaintiff’s witness should have been misconceived by the Jury, as the evidence was commented upon at length by the counsel on each side, and stated at large by the Court in the charge to the Jury, with the necessary remarks, shewing its bearing on the points in dispute. Yet some of the Jurors signed an affidavit, in the hand writing of the Plaintiff, setting forth that they were deceived. Admitting tills to be the case, surely little reliance ought to be placed on the affidavits of Jurors procured at the instance of a party. Every Plaintiff or Defendant against whom a verdict is rendered, is apt to be displeased $ and in the street, or some public house, where Jurors too commonly assemble, they are attacked by the party cast j and by address, entreaty, and sometimes rewards, are prevailed upon to sign something in favor of the party, although they have, under the solemn obligations of an oath, rendered their verdict against him.
 
 *39
 
 Such tampering with Jurors ought to be discountenanced, and when their affidavits are offered upon the subject of their verdict, they ought to be received with many grains of allowance, and their weight balanced by the degree of influence which the party obtaining them is calculated to produce.
 

 The circumstances disclosed by Dobson and the Plaintiff, in their affidavits, do not furnish any ground for a new trial. Were new trials to be granted for reasons like those contained in these affidavits, there would be no end to suits: days might be spent in investigating their merits, and verdicts might be rendered, but all to no purpose. They must all be revised, if the party cast has been artful enough to procure some person to be present at the trial, who shall declare to a byc-stander, during its progress, that he knows a great deal upon the subject of dispute, and then leave the Court, so that a subpoena, which tfie party in due time takes out, cannot be served on him. If, indeed, the affidavit of this witness had been taken, and it had disclosed important evidence for the Plaintiff, the case would have been very '‘different. But it does not appear whether his evidence would have been material or not. To these reasons for discharging the rule for a new trial, may be added another. It appears that each party claimed title to the horse, and evidence was introduced on both sides. In cases where there is a contrariety of evidence, the .Court will not grant a new trial, unless the evidence on one side greatly preponderates. Let; the rule for a new trial be discharged.